# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SHIRLEY EILEEN SCHMITT,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C15-4240-MWB<br>No.CR12-4076-MWB<br><br>**INITIAL REVIEW ORDER REGARDING PETITIONER'S *PRO SE* MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

_____

## I.  INTRODUCTION AND BACKGROUND

This case is before me on petitioner Shirley Eileen Schmitt's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). In her § 2255 motion, Schmitt claims that she is entitled to relief because her defense attorney provided ineffective assistance of counsel by failing to adequately argue Schmitt's eligibility for safety-valve relief under 18 U.S.C. § 3553(f).

Schmitt's § 2255 motion is specifically before me for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

28 U.S.C. § 2255 Rule 4(b).

Pursuant to Rule 4(b), I have conducted an initial review of Schmitt's § 2255 motion. For the reasons discussed below, it appears plainly from the face of the motion and the record that Schmitt is not entitled to relief, and her motion is summarily dismissed with prejudice.

Following a jury trial, Schmitt was found guilty of conspiring to manufacture and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). In 2008, she had been convicted under Iowa law for possession of drug paraphernalia and buying illegal amounts of pseudoephedrine. Due to these two convictions, Judge Donald E. O'Brien found her ineligible for the safety valve in 18 U.S.C. § 3553(f). Relying on *United States v. Boroughf*, 649 F.3d 887 (8th Cir. 2011) and *United States v. Pinkin*, 675 F.3d 1088 (8th Cir. 2012), Judge O'Brien found that Schmitt's buying conviction was not relevant conduct to her latest offenses. Judge O'Brien sentenced Schmitt to the statutory minimum of 120 months incarceration.

Schmitt appealed her sentence, arguing that Judge O'Brien erred in finding her ineligible for safety valve relief. *See United States v. Schmitt*, 765 F.3d 841, 842 (8th Cir. 2014). The Eighth Circuit Court of Appeals affirmed Schmitt's sentence, finding that Judge O'Brien "did not clearly err in determining that Schmitt's buying conviction was not relevant conduct to her latest offenses." *Id*. at 843. In reaching its conclusion that court of appeals observed:

> The facts here parallel those in the *Boroughf* case. *See Boroughf*, 649 F.3d at 890–91 (prior possession of a 35–gram bag of marijuana was not relevant conduct to conspiracy to distribute thousands of kilograms of marijuana). Schmitt's earlier conviction was for buying an illegal amount of

pseudoephedrine over a 30–day period. The latest offenses focus on manufacturing meth during a different two-year period. Indeed, Schmitt testified she was only buying pseudoephedrine in 2008 and did not begin manufacturing meth until 2012:

> Q: And you say in your safety valve debriefing and today that you were not actively involved in the actual hands-on physical manufacturing process until three or four months before the search warrant in June of 2012.
>
> A: Yes.

The defendant's perspective is useful in determining relevant conduct. *See United States v. Ault*, 446 F.3d 821, 824 (8th Cir. 2006) (finding that, when viewed from the defendant's perspective, exchanging-pills-for-meth was relevant conduct to attempt-to-manufacture-meth when both occurred within six weeks and both involved attempts to manufacture meth).

*Id*. at 842-43.

## II.    *LEGAL ANALYSIS*

There is an insurmountable object to the relief Schmitt seeks with her § 2255 motion. The issue of Schmitt's eligibility for safety valve relief was raised and rejected on direct appeal. With rare exceptions, none of which apply here, § 2255 may not be used to relitigate matters decided on direct appeal.[1] *See Davis v. United States*, 417 U.S. 333, 346–47 (1974); *Sun Bear v. United States*, 644 F.3d 700, (8th Cir. 2011). Because Schmitt's claim that she was eligible for safety valve relief was presented,

---

[1]For example, one exception to this general rule is where there has been "'an intervening change in the law.'" *Davis*, 417 U.S. at 342 (quoting *Sanders v. United States*, 373 U.S. 1, 17 (1963)). The change in law, however, must result in such a "fundamental defect" that it "inherently results in a complete miscarriage of justice." *Id*. at 346. No such change in the law is alleged by Schmitt.

3

argued, and adversely decided, she is procedurally barred from raising it again, here. Schmitt cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to her on direct appeal. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.1976) (stating that a defendant may not "recast under the guise of a collateral attack, questions fully considered by this court [on direct appeal]"); *see also Pauli v. United States*, No. 1:10CV2060, 2011 WL 2494114, at *2 (N.D. Ohio June 22, 2011); *Lossia v. United States*, No. 04–80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010); *United States v. Austin*, No. 6:05–cr–815–HMH, 2008 WL 2169888, at *1 (D.S.C. May 21, 2008); *Clemons v. United States*, No. 3:01–cv–496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005). Accordingly, Schmitt's § 2255 motion is dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Schmitt must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that

4

Schmitt's motion does not present questions of substance for appellate review and, therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Schmitt's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Schmitt wish to seek further review of her motion, she may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV.   CONCLUSION

For the reasons discussed above, Schmitt's *pro se* motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 30th day of November, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA